402 So.2d 680 (1981)
STATE of Louisiana
v.
Billy R. WOODS.
No. 80-KA-2493.
Supreme Court of Louisiana.
July 2, 1981.
Rehearing Denied September 4, 1981.
*681 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Nancy Gilliland, Lovalle Salomon, Asst. Dist. Atty., for plaintiff-appellee.
Sam O. Henry, III, Blackwell, Chambliss, Hobbs & Henry, West Monroe, for defendant-appellant.
CALOGERO, Justice.[*]
Defendant Billy R. Woods was arrested on January 13, 1980 in Ouachita Parish for driving while intoxicated (DWI), a violation of R.S. 14:98. He was originally charged by bill of information with DWI-4 but the charge was later reduced to DWI-3.[1] Defendant proceeded to a bench trial and was found guilty of DWI-3. He was sentenced to three years imprisonment in the Ouachita Parish Jail. On appeal defendant seeks a reversal of his conviction and sentence contending that the trial court erred in admitting his two prior convictions for DWI into evidence and allowing them to be used as a basis for the multiple offender charge.
Defendant went to trial for DWI-3. The state attempted to prove the elements of the crime by introducing two prior DWI convictions of the defendant. Both of the convictions in question resulted when defendant pled guilty to two counts of DWI on December 13, 1977. Over defense objection, the trial court admitted proof of these prior DWI convictions and allowed their use as the basis for the repeat offender charge of driving while intoxicated for the third time.
Defendant contends that evidence of these prior convictions was improperly admitted at his trial. He bases this argument on two different grounds. First, he contends that the convictions resulting from his guilty pleas cannot be used as a basis for the repeat offender charge because he was not properly Boykinized prior to pleading guilty. Defendant, in the alternative, argues that if we find that he was properly Boykinized then the charge should nonetheless *682 be reduced to DWI-2 because both the prior convictions occurred on the same day and, therefore, they can only be considered as one prior conviction.
Defendant argues that he was not properly Boykinized prior to his pleading guilty to DWI in 1977. He argues that under State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State exrel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972); and State v. Holden, 375 So.2d 1372 (La.1979) he should have been informed by the trial judge of his right to a jury trial, his confrontation rights and his privilege against self incrimination, before his guilty plea was accepted. He contends that he was not informed of his confrontation rights prior to the acceptance of his plea.
We have before us both the minute entry relating to the guilty plea proceeding and the transcript of the colloquy between the trial judge and defendant. Neither of these two written records supports defendant's contentions. To the contrary they evidence the fact that the trial judge made every effort to thoroughly explain defendant his rights in a manner that he would understand.[2]
Defendant was advised that he had a right to trial and that "the State must call its witnesses and prove guilt beyond a reasonable doubt." He was also advised that he "would have a right to call witnesses on [his] own behalf to state that [he] might not have been there, [he] might not have been driving while intoxicated, [he] might not have been intoxicated...." While it is true that defendant was not specifically advised that he had the right to "confront" the witnesses against him, it would be the height of technicality to require that the word "confront" be used rather than an explanation of the right as was used here. It is clear from the transcript of the guilty plea colloquy, as well as the minutes, that defendant was advised of his confrontation rights, his right to trial by jury and his privilege against self-incrimination, and knowingly and voluntarily waived those rights.
Defendant alternatively argues that where two convictions are obtained by a guilty plea on the same day, they are to be treated as one conviction for the purpose of serving as a predicate to a multiple DWI charge. Accordingly, he contends that the DWI-3 charge should be reduced to DWI-2.
R.S. 14:98(D) provides:
"On a third conviction, regardless of whether the third offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor *683 more than five years, and may be fined not more than one thousand dollars." (emphasis provided)
R.S. 14:98(D) was last amended in 1978 by Act 682. At that time the legislature added the underscored language. The requirements for DWI-2 and DWI-4 were similarly amended. R.S. 14:98(C) and (E). This language evidences a clear intent by the Legislature that all prior DWI convictions be considered in determining the applicable penalty, and further shows an intent to distinguish these enhancement proceedings from other multiple offender prosecutions.[3] We conclude that the above language is clear and that it is the number of prior convictions, not their sequence, which determines the appropriate designation of a subsequent offense.
Therefore, the trial judge did not err in admitting and considering these two prior DWI convictions as proof of defendant's guilt in this case.

Decree
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
DENNIS, J., and REDMANN, J. pro tem., dissent with reasons.
KLIEBERT, J. ad hoc, dissents.
REDMANN, Justice pro tem., dissenting.
This Court is unconstitutionally constituted and an accused is denied due process of law by his or her case's being referred to it instead of to the Louisiana Supreme Court as constituted by La.Const. art. 5 §§ 1, 3 and 4, to which this Court should order this case referred.
See the writer's dissent, State v. Petterway, La.1981, 403 So.2d 1157,1161.
KLIEBERT, Justice Ad Hoc, dissenting.
The defendant Woods pled guilty to two counts of DWI on the same day in 1977. At that time, he could not have been convicted of DWI-2 because under the applicable jurisprudence of this Court, i. e., State v. Neal, 347 So.2d 1139 (La.1977) a defendant could be convicted of DWI-2 only after he had first been convicted of DWI-1. In 1978, the legislature amended R.S. 14:98 so as to permit conviction for second and third offenses irrespective of whether the crime occurred before or after a prior conviction. In 1980 the defendant was convicted of DWI-3 and sentenced to three years in jail. Each of the offenses for which he was convicted in 1977 was considered a separate offense.
The defendant argued that where two convictions are obtained by a guilty plea on the same day, they are to be treated as one conviction. The majority concluded the 1978 amendments are clear and that it is the number of prior convictions, not their sequence, which determines the appropriate designation of a subsequent offense. I agree with majority's conclusion, but believe that applying the conclusion to the factual situation here violates the defendant's constitutional protection against ex post facto laws and his constitutional right of equal protection and to due process.
In State v. Sepulvado, 342 So.2d 630 (La. 1977) this Court defined an ex post facto law as:
"An ex post facto law, by definition, is one which is passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed."
and in the same case said:
"... liability for criminal conduct attaches at the moment the crime is committed.

*684 Therefore, laws passed after the offense may not work to either redefine or increase the severity of punishment for the crime. To do so would impair substantive rights. Such a law would violate the prohibition against ex post facto laws of the Louisiana and the United States Constitutions."
To convict the defendant of DWI-3, the prior conviction of DWI-1, which occurred prior to the 1978 amendment, has to redefine as a DWI-1 and a DWI-2. Without the 1978 amendment this could not be done. State v. Neal, 347 So.2d 1139 (La.1977). Clearly, this is a redefinition of the offense by a law passed after the commission of the crime and results in an increase in the severity of the punishment. The intent of the legislature is clear and must be abided by except that it cannot be applied retrospectively in violation of the defendant's rights. As was stated by Justice Tate in State v. Neal, 347 So.2d 1139:
"Traditional American principles of criminal responsibility of an individual for his conduct do not permit the state to convert a formal charge against him for a less serious offense, into a charge for a more serious offense, on the legal basis of a change of status or other incident which occurs after the initial offense charged...."
Intellectual analysis might be satisfied by concluding the defendant is presumed to have known the statute was amended in 1978 and therefore knew the consequences of his offense at the time of its commission, but practical application born of experience denies the conclusion.
Although not necessary to a decision here, in my view, the legislature's intent to distinguish DWI enhancement proceedings from other multiple offender proceedings would necessitate an inquiry not only into the earlier convictions, but also into earlier jurisprudence regarding conviction based on breath test analysis to determine whether a person charged with a DWI offense is entitled to the same equal protection and due process protection of the constitution as a person charged as a multiple offender for other offenses. Therefore, it serves to compound the violation of the defendant's constitutional rights.
NOTES
[*] Judges William V. Redmann and Thomas J. Kliebert of the Court of Appeal, Fourth Circuit, and Judge Cecil C. Cutrer of the Court of Appeal, Third Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] The charge against defendant was reduced from DWI-4 to DWI-3 after a hearing on defendant's motion to quash in which the trial judge ruled that a 1975 conviction against defendant for DWI could not be used for multiple offender purposes because it was beyond the five year period set out in R.S. 14:98(F). That provision disallows the consideration of any offense under the statute committed more than five years prior to the commission of the charged crime, in the assessment of penalties.
[2] The minutes provide:

"Defendant present, represented by Hon. Patrick H. Wright, Jr. Defendant requested that his formerly entered not guilty pleas to DWI-4th Offense (2 Counts) be withdrawn and entered a plea of guilty to DWI-3rd Offense (2 Counts). Defendant was sworn and informed and interrogated by the Court, and he stated under oath that he had conferred with counsel and was satisfied with the representation; understood the charge; understood his right to confrontation and against self-incrimination; understood his right to trial by jury and waived same; understood his right to appeal had he maintained his not guilty plea and had gone to trial and had been found guilty and waived same; realized he was not obliged to plead guilty and that his plea was not influenced by any promises, persuasion or coercion on the part of others; knew the maximum penalty he faced and realized the Court and no other person would determine his sentence (see record of interrogation). The Court found the plea to be intelligently and voluntarily entered and accepted same."
The transcript in pertinent part provides:
"Q. You understand that you are presumed innocent, and the State must call its witnesses and prove your guilt beyond a reasonable doubt. Not only that you were guilty of DWI on the last time, but that you had been previously convicted several other times which would constitute this offense.
"A. Yes, sir.
"Q. You understand that you would have a right to call witnesses on your own behalf to state that you might not have been there, you might not have been driving while intoxicated, you might not have been intoxicated, or you're just not the type of individual that would do this? You understand that?
"A. Yes sir.
"Q. And by pleading guilty you're giving up all these rights?
"A. Yes, sir."
[3] The habitual offender statute, R.S. 15:529.1, provides in pertinent part:

"It is hereby declared to be the intent of this Act that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender.... Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Act only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender, whether or not he was adjudged to be a second offender in the prior instance; ...."