520 So.2d 991 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
R.L. SAPP, Defendant-Appellant.
No. CR 87-186.
Court of Appeal of Louisiana, Third Circuit.
November 24, 1987.
*992 Mike Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Kelly & Salim, Robert L. Salim, Natchitoches, for defendant-appellant.
Before STOKER and YELVERTON, JJ. and CULPEPPER, J. Pro Tempore.[*]
STOKER, Judge.
The defendant was charged with possession of cocaine, a violation of LSA-R.S. 40:967(C); distribution of cocaine, a violation of LSA-R.S. 40:967(A); and simple possession of marijuana, a violation of LSA-R.S. 40:966(D). He entered a plea of guilty to the cocaine possession charge, and the other two charges were dropped. The judge sentenced the defendant to serve seven years in the Department of Corrections and to pay a fine of $2,500. The defendant appeals, assigning seven errors. One was not briefed, and is considered abandoned. The remainder form two issues.

GUILTY PLEA
The defendant contends that his guilty plea is invalid because he was improperly advised of his constitutional rights as required under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In particular, he argues that he did not intelligently waive the right to confront his accusers.
During the colloquy between the court and the defendant, the court asked:
"Do you understand that by entering a plea of guilty you waive the following constitutional rights: The right to be tried before a jury and the right to have all the witnesses to any facts constituting this crime to be sworn and testify before this Court and you. Do you understand that?" (Emphasis added)
The defendant indicated that he understood. The full transcript of the colloquy evidences that every effort was made to explain the defendant's rights and to ensure that his guilty plea was made knowingly and voluntarily. We find no error in the language used by the trial judge. As the Supreme Court stated in State v. Woods, 402 So.2d 680, 682 (La.1981):
"While it is true that defendant was not specifically advised that he had the right to "confront" the witnesses against him, it would be the height of technicality to require that the word "confront" be used rather than an explanation of the right as was used here. It is clear from the transcript of the guilty plea colloquy, as well as the minutes, that defendant was advised of his confrontation rights, his right to trial by jury and his privilege against self-incrimination, and knowingly and voluntarily waived those rights."

ILLEGAL SENTENCE
The appellant claims in this appeal that the trial court gave him an illegal sentence by exceeding the maximum sentence authorized. The case was submitted on appeal on briefs and without oral argument on September 8, 1987. On November 5, 1987 a supplemental record was prepared by the clerk of the trial court and was furnished to us. This supplemental record shows that on September 2, 1987 (before this case was submitted in this court of appeal) the trial court corrected the error concerning the sentence on its own motion. Acting under the provisions of paragraph (3) of the exceptions to LSA-C.Cr.P. art. 916 the trial judge reduced the sentence from seven years to five years. The sentence is for possession of cocaine and therefore is a legal sentence under LSA-R.S. 40:967(C)(2). Under the circumstances this assignment of error appears to be moot.

*993 CONCLUSION
For the reasons given above the conviction and sentence as reduced to five years is affirmed.
CONVICTION AND SENTENCE AS REDUCED AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.