552 So.2d 503 (1989)
STATE of Louisiana, Appellee,
v.
Joe BATTLE, Appellant.
No. 21094-KA, 21095-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
*504 Indigent Defender Office by Kurt J. Goins, Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Rebecca J. Irwin, Tommy Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, FRED W. JONES, Jr., and HIGHTOWER, JJ.
HALL, Chief Judge.
The defendant, Joe Battle, was charged with simple burglary in violation of LSA-R.S. 14:62 and purse-snatching in violation of LSA-R.S. 14:65.1. Pursuant to a plea bargain agreement, the defendant pled guilty as charged to these two felonies, with the state agreeing to drop two additional felony charges and five misdemeanor charges pending against the defendant. After being sentenced to three years at hard labor for the simple burglary and five years at hard labor for the purse-snatching, the sentences to run consecutively, the defendant appealed asserting the sentences imposed are excessive.
On its own motion, upon noticing potential errors patent in the record, this court ordered counsel for the defendant and counsel for the State of Louisiana to brief the issues of adequacy of the record as related to the trial court's advisement and the defendant's waiver of his right to confrontation and trial by jury. We now conclude that the guilty plea was valid, and we affirm the defendant's conviction and sentences for the reasons stated below.

GUILTY PLEA
Before accepting the defendant's guilty plea, the trial court engaged in a colloquy with the defendant, the pertinent portions of which are quoted below:
THE COURT: Before accepting the plea of guilty, I need to talk to you to make sure you understand what you are pleading guilty to and to make sure you understand what constitutional rights you waive by pleading guilty. Mr. Battle, do you understand that when you come forward and plead guilty to the two charges in this case, purse snatching and simple burglary, that you are waiving your right to have a trial in these two matters?
THE DEFENDANT: Yes, sir.
THE COURT: Do you also understand that when you plead guilty you are waiving your right to have present testify against you on these charges the people that are accusing you of the charges? Do you understand that?
THE DEFENDANT: Yes, sir.
A guilty plea will not be considered valid unless the plea was a free and voluntary *505 choice on the part of the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. There must also be an express and knowing waiver of those rights and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La. 1984).
Trial By Jury
Although the trial court advised the defendant during the Boykin colloquy of his right to a trial, it did not specifically advise the defendant of his right to a trial by jury. However, defendant was advised twice during the guilty plea proceedings that a jury was present and the state was ready to proceed to a jury trial if the defendant did not plead guilty. The trial court remarked at one point, "We are trying to keep the jury out to find out what the status is." The defendant was also told by the trial court, when the defendant questioned his sentence exposure, "If you are not ready to plead guilty, we have a jury ready."
Under the circumstances of this case, where the defendant pled guilty on the day he was scheduled to begin a jury trial, the defendant was advised of his right to a trial, and the trial court further advised the defendant that if he did not wish to plead guilty a jury was present for his trial, the defendant was made aware that if he pled guilty he was giving up a right to a jury trial. Thus, there is an affirmative record showing that this defendant knowingly and voluntarily waived his right to a trial by jury.
Confrontation
In advising the defendant of his constitutional rights, the trial court advised the defendant that if he pled guilty he would waive his right to "have present and testify against you on these charges the people that are accusing you of the charges?" In State v. Woods, 402 So.2d 680 (La.1981), the Louisiana Supreme Court addressed a similar issue, and held that the defendant was adequately advised of his rights to confrontation. The phrase used by the trial court in Woods, "the state must call its witnesses and prove guilt beyond a reasonable doubt." is similar to that used in the instant case. The court stated, "While it is true that defendant was not specifically advised that he had the right to `confront' the witnesses against him, it would be the height of technicality to require that the word `confront' be used rather than an explanation of the right as was used here."
In State v. Sapp, 520 So.2d 991 (La. App.3d Cir.1987), that court upheld a guilty plea with a similar discussion of the right to confrontation. There the trial court said in advising the defendant of his right to confrontation: "Do you understand that by entering a plea of guilty you waive the following constitutional rights: The right to be tried before a jury and the right to have all the witnesses to any facts constituting this crime to be sworn and testify before this Court and you." The appellate court stated: "The full transcript of the colloquy evidences that every effort was made to explain the defendant's rights and to ensure that his guilty plea was made knowingly and voluntarily."
In the case at bar, the trial court did not advise the defendant that he was giving up the right to "confront" the witnesses in that language; he did, however, advise the defendant that he would be waiving the "right to have present and testify against you on these charges the people that are accusing you of the charges?". This language is similar to that used by the trial court in Sapp, and like the Third Circuit, we find this language sufficient, although barely so, under the standard of State v. Woods, supra.
While finding the advisement of the right to confrontation minimally adequate in this case, we note our concern over the language used and that the court's explanation of this right should inform the defendant of the component right to cross-examine the witnesses against him.
*506 We find the defendants guilty plea was entered knowingly and voluntarily, and uphold his conviction.

SENTENCE
The defendant asserts that the sentences imposed of three and five years at hard labor, respectively, are excessive, considering these convictions are the defendant's first felony convictions. The defendant also asserts that the trial court erred in giving undue consideration to the defendant's prior criminal history.
The offenses to which the defendant pled guilty were committed at separate times. The simple burglary offense occurred on October 23, 1987, when the defendant and two companions broke into Bob's T.V. and VCR business. The defendant participated as the look-out while the other two removed merchandise. The defendant received merchandise for his part in the burglary. While the burglary was in process, the defendant and his companions were observed by a security guard. The security guard informed police that he saw and recognized the defendant.
The second offense occurred on December 6, 1987, while the defendant was out on bail pending proceedings on the first offense. The defendant entered Whites Fina Station while the owner and operator, an 80 year old man, was present. The defendant snatched the victim's wallet off of a desk while the victim was sitting at the desk. The victim's wallet contained approximately $1,200 to $1,400. The victim knew and recognized the defendant, and identified him in a photographic line-up prior to his arrest.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La. App. 2d Cir.1984); State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La. 1984).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA C.Cr.P. Art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of a factual basis for the sentence imposed is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988); State v. Higginbotham, 541 So.2d 348 (La.App. 2d Cir.1989).
Our review must also determine whether the sentences imposed are too severe given *507 the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court is not required to render a suspended sentence or a probation on a first felony offense. The trial court may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). A plea bargain which brings substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985).
In this case the trial court meticulously and thoroughly complied with LSA-C.Cr.P. Art. 894.1. It considered the defendant's background, noting that this defendant is not married and supports no dependents. The court noted the defendant's minor history of juvenile delinquency. He further noted the defendant's extensive criminal background. The defendant's first adult encounter with the criminal justice system was in 1981 when he was charged with a felony, pled guilty to a misdemeanor and received probation and a suspended sentence. The defendant was again arrested in 1982, 1983, 1984, 1986, and 1987. He was convicted of offenses on several occasions. The court noted the prior leniency afforded this defendant in his being allowed to plead to misdemeanors where originally charged with felonies. The court further noted that the defendant had received short jail sentences but apparently was unable to change his behavior.
The court noted this defendant was likely to commit crimes if again afforded probation, as evidenced by his continuing criminal activity after being granted probation in the past. Further, the second of the two felonies to which the defendant pled guilty was committed while on bond awaiting trial on the first felony.
Although not specifically noted by the trial court, this defendant received considerable reduction in his sentence exposure through the plea bargain agreement. Several misdemeanor and additional felony charges were dropped when the defendant pled guilty. Additionally, the sentences imposed were at the lower end of the statutorily authorized ranges.
Although the trial court enumerated the defendant's previous arrests and convictions, it does not appear that the trial court erred in giving undue weight to the defendant's past criminal history, as argued by the defendant. Further, contrary to defendant's argument, the trial court properly considered defendant's assaultive behavior in resisting arrest on one of the subject charges and in connection with an aggravated battery charge which was dismissed as part of the plea bargain, the facts of which charged offense were related by the assistant district attorney at sentencing without objection or dispute by the defendant.
Considering the leniency afforded this defendant, both in the present proceeding, and in the past, along with the reasons for sentencing enunciated by the trial court, we cannot say that the consecutive sentences of three and five years at hard labor imposed on this defendant shock the sense of justice.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
CONVICTION AFFIRMED, SENTENCE AFFIRMED.
HIGHTOWER, J., dissents and assigns written reasons.
*508 HIGHTOWER, Judge, dissenting.
The majority frankly acknowledges concern over the advisement of the defendant's right of confrontation as reflected in this record. Indeed, I cannot agree that the explanation by the trial court was adequate.
The Sixth Amendment gives a criminal defendant the right "to be confronted with the witnesses against him." In Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the Supreme Court held that the Confrontation Clause, by its very words, provides such a defendant the right to "confront" face-to-face the witnesses giving evidence against him at trial. That guarantee, it was said, is consistent with the general perception that confrontation is essential to fairness and, along with a less explicit right to cross-examine component of the Confrontation Clause, helps insure the integrity of the fact-finding process by making it more difficult for witnesses to fabricate testimony.
The trial judge in the present case failed to inform the defendant not only of his right to physically face his accusers, but also that either he or his attorney could cross-examine those witnesses. Granted, as observed in State v. Woods, 402 So.2d 680 (La.1981), it would be the height of technicality to require that the word "confront" or "confrontation" be used rather than an explanation of the right. It is also true that the language approved in Woods in reference to confrontation appears to be no more informative than that used in the present case. However, Woods was decided several years prior to Coy, supra. Justice Dennis' dissent in Woods, found at 435 So.2d 422, arguably represents the better position subsequent to Coy.
Concerning the issue of the confrontation explanation, I respecfully dissent.