566 So.2d 187 (1990)
STATE of Louisiana, Appellee,
v.
Oliver Perry SCOTT, Jr., Appellant.
No. 21611-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Daryl Gold, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Scott Crichton and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, MARVIN and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Defendant, Oliver Perry Scott, Jr., originally accused of attempted second degree murder, pled guilty to the reduced charge of illegal discharge of a weapon, LSA-R.S. 14:94. Pursuant to a plea agreement, the state recommended a suspended two year hard labor sentence, supervised probation for five years and a $1,000 fine. The trial court subsequently imposed that sentence.
In his authorized out-of-time appeal, defendant initially designated three errors but has now abandoned one of those. Finding the remaining two assignments without merit, we affirm.

Facts and Guilty Plea
In August 1987, defendant and a codefendant fired several gunshots at Kenneth Taylor in a parking lot at A.B. Palmer Park *188 in Shreveport, Louisiana. Taylor escaped injury, although his car was struck ten times.
First charged as previously indicated, defendant agreed to plead guilty to the less serious offense in exchange for a stipulated sentence. At the plea proceeding, the following colloquy occurred between the sentencing judge and defendant:
THE COURT: Do you understand that you have a right to a trial by jury which you are giving up by pleading guilty?
DEFENDANT: Yes, sir.
THE COURT: Do you further understand that you are giving up the right to be confronted at the trial by the witnesses against you?
DEFENDANT: Yes, sir.
THE COURT: You are also giving up the right against compulsory self-incrimination. Do you understand that?
DEFENDANT: Yes, sir.
THE COURT: Do you have any questions about those rights?
DEFENDANT: No, sir.
THE COURT: Do you understand all of those rights?
DEFENDANT: Yes, sir.

Assignment of Error No. 1
By this assignment of error, defendant contends the trial court failed to properly inform him of his constitutional rights before accepting the guilty plea. It is first asserted that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that he be advised of his right to confront and cross-examine his accusers, rather than a right "to be confronted ... by the witnesses against" him.
The Sixth Amendment specifically gives a criminal defendant the right "to be confronted with the witnesses against him." (Emphasis added). However, the trial court's failure to utilize the exact preposition employed in the Confrontation Clause does not fatally flaw the efficacy of the advisement given.
In State v. Langendorfer, 389 So.2d 1271 (La.1980), reviewing an advisement which repeatedly referred to the right "to be confronted by witnesses against you" (emphasis added), our Supreme Court found the requirements of Boykin to have been met. Admittedly, the complaint involved did not center on that issue.
Of course, the U.S. Supreme Court has observed that, along with the right to physically face one's accusers, the right to cross-examine is a less explicit component of the Confrontation Clause. Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Indeed, the majority there, in Footnote 2 at page 2801, quoted Dean Wigmore for the following proposition:
There was never at common law any recognized right to an indispensable thing called confrontation as distinguished from cross-examination. There was a right to cross-examination as indispensable, and that right was involved in and secured by confrontation; it was the same right under different names.
Thus, Sixth Amendment "confrontation" includes both the right to a face-to-face meeting and the right to conduct cross-examination.
The colloquy in the instant case represents a very modest improvement when compared with that of State v. Battle, 552 So.2d 503 (La.App.2d Cir.1989), where the district court judge simply advised the defendant of his "right to have present and testify against you on these charges the people that are accusing you of the charges". Although it did not specifically inform the defendant of his right to cross-examination,[1] the Battle language was found minimally adequate. A fortiori, the present confrontation advisement, embodying a slight comparative betterment, appears constitutionally passable.
In next complaining by this assignment that the trial judge failed to define compulsory *189 self-incrimination, it is argued that without such an explanation a defendant will have no idea as to the privilege he is relinquishing. Defendant, however, makes no assertion that he in fact did not comprehend the term. More importantly, though, the transcript amply indicates that he twice acknowledged understanding the right or privilege. Under these circumstances, his contention stands refuted and without merit.

Assignment of Error No. 3
By this final assignment of error, defendant urges this court to review the entire record for errors patent. See LSA-C.Cr.P. Art. 920(2). Finding none, this assignment of error also lacks merit.

CONCLUSION
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In fact, in dissenting, this author noted that the court's explanation also failed to adequately advise of a right to physically face the accusers.