BYRNES, Judge.
The defendant, Paul Dassau, pled guilty as charged on March 31, 1993, to possession of cocaine, a violation of R.S. 40:967. Immediately thereafter the state filed a multiple bill charging that the defendant was a second felony offender based upon a previous conviction in Jefferson Parish for distribution of cocaine, a violation of R.S. 40:967. The state introduced at the multiple bill hearing documents relating to the defendant’s prior conviction in Jefferson Parish. The trial court found that these documents were insufficient to show that the defendant was advised of and waived his Boykin rights. Accordingly, the trial court found the defendant not guilty as a multiple offender. The state filed this writ application complaining of the trial court’s ruling.
At the multiple bill hearing held April 28, 1993, the state introduced the following documents relating to the defendant’s prior felony conviction in Jefferson Parish: 1) the bill of information; 2) a three-page waiver of rights/guilty plea form signed by the defendant, his attorney, *902 and the trial judge; 3) a minute entry from the defendant’s plea of guilty indicating that he was advised of his right to a trial by jury, his right to confront his accusers, and his right against self-incrimination; 4) the hand-written docket master; and, 5) the commitment papers showing the defendant’s sentence. The trial court found that these documents were insufficient to show that the defendant was advised of his Boy-kin rights and waived those rights. The trial court in this case found insufficient the explanation of (1) the right of confrontation; (2) the right to a trial by the judge, as an alternative to a jury trial; and (3) the right to appeal.
In State v. Woods, 402 So.2d 680, 682 (La.1981), the Louisiana Supreme Court held that the defendant was adequately informed of his “confrontation rights” where the trial judge informed the defendant that “the State must call its witnesses and prove guilt beyond a reasonable doubt” and was advised that he “would have a right to call witnesses on [his] own behalf to state that [he] might not have been there, [he] might not have been driving while intoxicated, [he] might not have been intoxicated....” The court stated: “While it is true that defendant was not specifically advised that he had the right to ‘confront’ the witnesses against him, it would be the height of technicality to require that the word ‘confront’ be used rather than an explanation of the right as was used here.” Woods, 402 So.2d at 682.
In State v. Sapp, 520 So.2d 991, 992 (La.App. 3rd Cir.1987), the trial court informed the defendant that he had “the right to have all the witnesses to any facts constituting this crime to be sworn and testify before this Court and you_” Relying on Woods, the Third Circuit found no error in the language used by the trial court.
Likewise, in State v. Battle, 552 So.2d 503 (La.App. 2nd Cir.1989), the court found “minimally adequate” the trial judge’s explanation to the defendant that he would be waiving the “right to have present and testify against you on these charges the people that are accusing you of the charges.” The court stated: “While finding the advisement of the right to confrontation minimally adequate in this case, we note our concern over the language used and that the court’s explanation of this right should inform the defendant of the component right to cross-examine the witnesses against him.” Battle, 552 So.2d at 505.
More recently in State v. Scott, 566 So.2d 187 (La.App. 2nd Cir.1990), the trial court informed the defendant that he was “giving up the right to be confronted at the trial by the witnesses against you.” The court, noting that this language provides “a very modest improvement when compared with that of State v. Battle ”, concluded that this “confrontation advisement, embodying a slight comparative betterment, appears constitutionally passable.” Scott, 566 So.2d at 188. The court also cited to Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) where the United States Supreme Court observed that, along with the right to physically face one’s accusers, the right to cross-examine is a less explicit component of the Confrontation Clause.
In the present case, the “Defendant’s Acknowledgment Of Constitutional Rights And Waiver Of Rights On Entry Of A Plea Of Guilty” indicates that the defense attorney advised the defendant of his right to “confront your accusers”, and that the trial court advised the defendant “[A]t trial, you have the right to confront your accusers and to compel testimony on your behalf from your witnesses”. The minute entry from the guilty plea indicates that the trial judge advised the defendant of his “right to confront his accusers.”
The trial court’s statements to the defendant in this case are sufficient under the holdings of State v. Woods, State v. Sapp, State v. Battle, and State v. Scott. Accordingly, the trial court erred in concluding that the state failed to carry its burden of proving the defendant’s prior felony conviction.
*903 THE RIGHT TO A JUDGE TRIAL AND THE RIGHT TO APPEAL
Courts have been reluctant to expand the three Boykin rights. In State v. Tuesno, 455 So.2d 1292 (La.App. 4th Cir.1984), this court found that a defendant need not be advised of his appeal rights, and in State v. Freeman, 503 So.2d 501 (La.App. 4th Cir.1987), this court concluded that a defendant need not be advised of the future consequences of his plea. Likewise, the right to a trial by judge is not one of the enumerated Boykin rights. Accordingly, the trial court erred in finding that the state failed to carry its burden because the defendant was not informed of these rights. (Note: The defendant was advised in the “Defendant’s Acknowledgment Of Constitutional Rights And Waiver Of Rights On Entry Of A Plea Of Guilty” of his right to appeal.)

CONCLUSION

While a “Waiver of Rights/Guilty Plea Form” alone is usually not sufficient to show that the defendant was adequately Boykinized and waived those rights, State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985), the “Defendant’s Acknowledgment Of Constitutional Rights And Waiver Of Rights On Entry Of A Plea Of Guilty” in the instant case is much more than the typical “Guilty Plea Form” used by the judges in Criminal District Court. This form is a “transcript” of a dialogue between the trial judge and the defendant and includes an attestation from the trial court that it conducted a colloquy with the defendant and a statement by defense counsel that the rights were explained to the defendant and that the defendant understood these rights. In addition, a minute entry describing the three Boykin rights was also introduced by the state. This evidence is sufficient to show that the defendant was adequately advised of his Boykin rights. State v. Stemley, 618 So.2d 455 (La.App. 4th Cir.1993).
Therefore, the trial court erred in concluding that the state failed to prove that the defendant was properly Boykinized before pleading guilty. The decision of the trial court is reversed and this matter is remanded for further proceedings.

REVERSED