939 So.2d 510 (2006)
STATE of Louisiana, Appellee
v.
Jerwaskay KEENER, Appellant.
No. 41,246-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
*512 Paula C. Marx, Lafayette, Annette F. Roach, Lake Charles, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Marcus R. Patillo, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendant, Jerwaskay Keener, was charged by grand jury indictment with two counts of aggravated rape, violations of LSA-R.S. 14:42(4). Pursuant to a plea agreement, defendant pled guilty to two counts of the reduced charge of simple rape, violations of LSA-R.S. 14:43. The district court sentenced defendant to serve 25 years at hard labor without benefit of parole, probation or suspension of sentence for the first count and 15 years at hard labor without benefits for the second count, to be served consecutively. Defendant's motion for reconsideration of sentence was denied. Defendant appeals the imposition of consecutive sentences and appeals the sentences imposed as excessive. We affirm the convictions and remand for resentencing in conformity with the plea agreement.

DISCUSSION
The defendant was charged with two counts of aggravated rape for alleged improper sexual conduct with two minor children. Defendant filed a motion to appoint a sanity commission. The psychological evaluations indicated that defendant was mildly mentally retarded, but that he understood the difference between right and wrong at the time of the offenses. After considering the reports submitted by the commission members, the district *513 court found defendant competent to stand trial.
Pursuant to a plea agreement, defendant pled guilty to raping a seven-year-old girl "numerous times" during the period of 2002 to 2003 and to raping an eleven-year-old boy, who was a relative of defendant, in 2001. The plea agreement reduced the original charge on both counts of aggravated rape to simple rape and specified that the sentences for the two counts would be served concurrently. The district court accepted the defendant's guilty plea and ordered a pre-sentence investigation. Subsequently, the district court sentenced defendant to 25 years at hard labor without benefit of parole, probation or suspension of sentence for the first count and 15 years at hard labor without benefits for the second count, and ordered the sentences to be served consecutively.
The defendant contends the district court erred in imposing consecutive sentences. Defendant argues that the court violated the plea agreement providing for the imposition of concurrent sentences as set forth in the record at the time of the plea.
If a plea agreement has been reached by the parties, then the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. LSA-C.Cr.P. art. 556.1. In determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to rules of contract law. State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144. In the context of plea bargains, a defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in so doing he relinquished a fundamental right. State v. Givens, 99-3518 (La.1/17/01), 776 So.2d 443.
During the plea colloquy, the court stated to defendant that the plea agreement provided that "any sentence that I would give you on each count would run concurrently with each other. That's the agreement." Thus, the court acknowledged on the record that the plea agreement included the condition that the two sentences imposed would run concurrently. However, at the time of sentencing, the court ordered the sentences to be served consecutively.
The Louisiana Supreme Court recently addressed a similar issue wherein part of a plea bargain was "inadvertently breached" when the trial court failed to impose a concurrent sentence, despite a plea agreement specifying that the sentence imposed would run concurrently with another sentence then being served. State ex rel. Turner v. State, 04-2842 (La.6/24/05), 906 So.2d 399. In that case, the court relied on State v. Tanner, 425 So.2d 760 (La. 1983), and State v. Hingle, 242 La. 844, 139 So.2d 205 (1961), both of which held that when the state makes a good faith bargain with a person accused of a crime and the defendant, in reliance on that bargain, relinquishes such a fundamental right as the privilege against self-incrimination, the state cannot repudiate the bargain.
In the present case, the record shows that pursuant to the plea agreement, the defendant entered a plea of guilty to two counts of simple rape and in return the state agreed that the sentences would be served concurrently. However, as in the Turner case, the plea bargain was breached when the district court failed to impose concurrent sentences. Consequently, we must remand this matter and the district court is directed to resentence defendant promptly in conformity with the plea *514 agreement. LSA-C.Cr.P. art. 881.4. See State ex rel. Turner, supra.
Sentencing
The defendant contends the district court erred in imposing excessive sentences. Defendant argues that the sentences imposed were constitutionally excessive and that the court failed to properly consider mitigating factors.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, an appellate court will not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than 25 years. LSA-R.S. 14:43(B).
Prior to imposing sentence, the district court reviewed a pre-sentence investigation report, defense counsel's sentencing memorandum, reports of the two sanity commission doctors who had evaluated the defendant, and "several letters from relatives and friends" of defendant. The court was aware of defendant's limited education, his brief work history and his past drug use. Referring to Article 894.1, the district court considered as mitigating factors the defendant's young age, his lack of prior felony convictions or significant criminal history, his claims of sexual abuse as a child, his mother's substance abuse, and the psychological evaluations indicating that the defendant was "borderline mentally retarded."
However, the court noted that a number of aggravating factors were applicable, finding that the defendant's conduct manifested deliberate cruelty to the victims, that defendant knew the victims were particularly vulnerable or incapable of resistance *515 due to their extreme youth and that the defendant used his position as babysitter of the seven-year-old girl to facilitate the commission of the offense. The court considered the physical and psychological trauma suffered by the young victims, including the fact that the seven-year-old girl contracted genital warts (a condition for which there is no cure) so severe as to require surgical removal. The court was also concerned that defendant did not show any remorse, as indicated by his probation interview in which he maintained his innocence even after pleading guilty. Based upon the foregoing circumstances, the record supports the district court's findings that defendant was in need of correctional treatment or a custodial environment, that a lesser sentence would deprecate the seriousness of the crime and that defendant was likely to commit another offense if not incarcerated for a substantial period of time.
The defendant received a significant reduction in sentencing exposure as a result of the plea agreement. If convicted of the original charges of aggravated rape involving minors under the age of twelve, the defendant would have faced a death sentence or life imprisonment at hard labor without benefits for each count under LSA-R.S. 14:42(D)(2). Instead, by pleading guilty to two counts of simple rape under this plea agreement, the defendant faced a maximum of 25 years at hard labor without benefits for each count, with the sentences to be served concurrently. In addition, we note that with regard to the first count, the offense involved multiple incidents for which separate sentences were not imposed. Since defendant received a significant reduction in exposure to confinement and the offense of conviction did not adequately describe his conduct, imposition of the maximum sentence for the pled offense was within the district court's discretion.
After reviewing the record, we conclude the district court provided ample reasons for imposition of these sentences, which are within the statutory sentencing range for the offenses of conviction. The sentences imposed are neither grossly disproportionate to the seriousness of the offenses committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say that the sentences are constitutionally excessive. The assignment of error lacks merit.
Error Patent
In reviewing the record for error patent, we address the issue of the adequacy of the record regarding the district court's advisement and defendant's waiver of his right to confrontation. Before accepting defendant's guilty plea, the district court advised the defendant of his right to trial by jury, right against self-incrimination, and the right of compulsory process. The trial court also told the defendant, "[Y]ou're entitled to a trial by jury and at that trial your lawyer would have the right to cross-examine or to ask questions of all the state's witnesses." However, the court failed to specifically advise the defendant of his right to confront his accusers before accepting the guilty plea.
A valid guilty plea must be a free and voluntary choice by the defendant. A guilty plea will not be considered free and voluntary unless, at the very least, defendant was advised of his constitutional rights against self-incrimination, to a trial by jury and to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *516 Boykin, supra; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992).
The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. This right provides two types of protections for a criminal defendant: the right physically to face those against him and the right to conduct cross-examination. State v. Anderson, 34,491 (La.App. 2d Cir.4/4/01), 784 So.2d 749, writs denied, 01-1431 (La.4/12/02), 812 So.2d 666, 01-2429 (La.5/24/02), 816 So.2d 303.
In State v. Woods, 402 So.2d 680 (La. 1981), involving a similar issue, the district court advised the defendant, "the state must call its witnesses and prove guilt beyond a reasonable doubt" and that he could call witnesses on his own behalf. In Woods, the Louisiana Supreme Court held that the defendant was adequately advised of his right to confrontation. In State v. Battle, 552 So.2d 503 (La.App. 2d Cir. 1989), this court found that the district court's language advising the accused that he was waiving the right "to have present and testify against you on these charges the people who are accusing you" was sufficient, although barely, to advise defendant of his right to confrontation under the standard of Woods, supra.
In the present case, although the district court did not expressly advise defendant that he was giving up the right to "confront" his accusers, the court advised defendant of his right, at trial, to cross-examine the state's witnesses. This language suggests that defendant would be able to physically face and question the witnesses testifying against him at a trial. Applying the analysis of Woods, supra and Battle, supra to the plea colloquy in this case, we find the court's advisement of defendant's right to confrontation minimally adequate. Thus, we conclude that defendant's guilty plea was entered knowingly and voluntarily and uphold his convictions. However, we raise this issue to express our concern over the imprecise language used and to note that the district court's explanation of this right should inform the defendant of his right to confront and cross-examine witnesses against him as provided in LSA-C.Cr.P. art. 556.1(A)(3).

CONCLUSION
For the foregoing reasons, the defendant's convictions are affirmed. That portion of the sentence requiring the sentences to be served consecutively is set aside. The case is remanded and the district court is hereby directed to promptly resentence defendant in conformity with the plea agreement by ordering that the sentences imposed shall run concurrently. The sentences are otherwise affirmed.
CONVICTIONS AFFIRMED; REMANDED FOR RESENTENCING.