784 So.2d 749 (2001)
STATE of Louisiana, Appellee,
v.
Debblyn Dewayne ANDERSON, Appellant.
No. 34,491-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
*750 Gregory L. Kelley, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Brian King, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, STEWART and KOSTELKA, JJ.
KOSTELKA, J.
The state originally charged Debblyn Dewayne Anderson ("Anderson") with one count of aggravated burglary, and, upon his conviction, charged him as a second felony offender due to a 1997 simple kidnapping conviction. The trial court imposed the minimum mandatory sentence of fifteen years at hard labor without benefits. In an unpublished opinion, this court affirmed Anderson's aggravated burglary conviction but remanded for further proceedings after vacating the second felony offender adjudication due to the trial court's failure to properly advise Anderson of his rights at the multiple offender hearing.
Upon remand, Anderson moved to recuse Judge John Mosely from hearing the merits of a motion to quash the second felony offender bill of information, pursuant to La.C.Cr.P. art. 671(A)(6). Anderson argued that Judge Mosely should not be placed in the position of determining the validity of the rights advice which he had given to Anderson at the 1997 simple kidnapping guilty plea. The motion to quash urged that Judge Mosely had failed to properly advise Anderson of his right to confront and cross-examine his accusers at the simple kidnapping guilty plea.
Judge Michael Walker denied the motion to recuse after hearing arguments. Explaining that he meant accusing witnesses when he advised Anderson of his right to confront and cross-examine "your witnesses," Judge Mosely denied the motion to quash. This appeal followed.

DISCUSSION

Motion to Recuse
On appeal, Anderson reiterates his claim that Judge Mosely should have been recused from determining the efficacy of his own Boykin examination or presiding over the "correctness of his own prior action or omission."
A trial judge is presumed to be impartial. State v. Edwards, 420 So.2d 663 (La.1982); State v. Anderson, 29,282 (La.App.2d Cir.06/18/97), 697 So.2d 651; State v. Branch, 30,733 (La.App.2d Cir.07/06/98), 714 So.2d 1277, writ denied, 98-2359 (La.01/08/99), 734 So.2d 1227. Moreover, the grounds must be of a substantial nature based on more than conclusory allegations for an accused to be entitled to the recusation of a trial judge on the basis of bias, prejudice and personal interest. Edwards, supra; State v. Bell, 346 So.2d 1090 (La.1977); State v. Jackson, *751 30,473 (La.App.2d Cir.05/13/98), 714 So.2d 87, writ denied, 98 1778 (La.11/06/98), 727 So.2d 444.
In this case, Anderson's allegations can be characterized as nothing more than conclusory. He has indicated no particular words or conduct demonstrating bias or prejudice on the part of the trial judge. Nor has he presented any case law supporting his position. Indeed, it has been held that the mere fact that a judge has presided over prior criminal proceedings involving the same defendant does not alone establish that the judge has developed bias or prejudice to such an extent that he would be unable to conduct a fair and impartial trial. Bell, supra; State v. Navarre, 292 So.2d 210 (La.1974); In re State in Interest of Sylvester, 267 So.2d 585 (La.App. 3d Cir.1972). The same rationale applies here. With Anderson having failed to show or even allege specific acts of bias or prejudice, we can discern no error in the denial of the motion to recuse.

Motion to Quash
Anderson has sought to quash the 1997 guilty plea for simple kidnapping based upon Judge Mosely's failure to inform him of his right to confront and cross-examine his "accusers."
The challenged advice consisted of the court informing Anderson that "by pleading guilty you waive your right to confront your witnesses and to cross-examine them at trial."
At the hearing on the motion to quash, Judge Mosely explained his intent to state "your witnesses in your case." Accordingly, he determined that it was "the Court's intent to state that the witnesses the Court was referring to was [sic] witnesses that were accusing him of the crime and not necessarily your witnesses."
Anderson argues for a strict adherence to the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which provides that before a court accepts a guilty plea, it shall advise the defendant of his right to confront his accusers. He does not contend that he misunderstood the rights advice given.
The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. This right provides two types of protections for a criminal defendant: the right physically to face those who testify against him and the right to conduct cross-examination. State v. Welch, 99-1283 (La.04/11/00), 760 So.2d 317.
In pertinent part, La.C.Cr.P. art. 556.1(A)(3) provides that the court shall not accept a guilty plea without first determining that a defendant understands the right to confront and cross-examine witnesses against him.
The issue before us is whether the phrase "you waive your right to confront your witnesses and to cross examine them at trial" adequately complies with the mandates of Boykin and La.C.Cr.P. art. 556.1. We find that it does. In common usage, the phrases confront and cross-examine always connote adversarial activities. Therefore, it is obvious that those witnesses who would be subject to confrontation or cross-examination would stand in a position opposing the defendant. Under the broad cross-examination provisions of La. C.E. art. 611, these may arguably include Anderson's witnesses, but certainly do include the state's witnesses against him. Therefore, when read in context, we find it unreasonable to limit the scope of the phrase "your witnesses" to only Anderson's witnesses. To require the court, under these circumstances, to specifically utilize the phrase "witnesses *752 against you" would result in mere technical inflexibility which has long been rejected by the courts. See, State v. Woods, 402 So.2d 680 (La.1981) in which the supreme court cautioned against the requirements of the explanation of Boykin rights in a manner which reflected the "height of technicality." See also, State v.. Battle, 552 So.2d 503 (La.App. 2d Cir.1989), writ denied, 559 So.2d 136 (La.1990) and State v. Scott, 566 So.2d 187 (La.App. 2d Cir. 1990), which likewise rejected hyper-technical adherence to Boykin advice.
Under these circumstances, we find that the advice given by the court to Anderson satisfied the requirements of Boykin. With this and Anderson's inability to contend that he did not understand these rights and representation by counsel during the Boykin colloquy, we find no error in the denial of Anderson's motion to quash the 1997 simple kidnapping guilty plea.

CONCLUSION
For the foregoing reasons, we affirm Anderson's habitual offender adjudication and sentence.
AFFIRMED.