944 So.2d 560 (2006)
STATE of Louisiana
v.
Derrell MENDENHALL.
No. 2006-K-1407.
Supreme Court of Louisiana.
December 8, 2006.
PER CURIAM.
Granted. The decision of the Second Circuit is reversed, and this case is remanded to the court of appeal for consideration of the remaining assignments of error pretermitted on original appeal.
A majority on the court of appeal panel found that the trial judge's statement informing defendant that the state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at a trial did not suffice as an advisement to defendant of his right to confront his accusers. State v. Mendenhall, 40,986 (La.App.2nd Cir. 5/19/06), 930 So.2d 1196 (Brown, C.J., dissenting). However, this Court has stressed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a "magic word formula" which may "serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea. . . ." State v. Bowick, 403 So.2d 673, 675 (La.1981). With respect to the Confrontation Clause of the Sixth Amendment, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)(internal quotation marks and citation omitted; emphasis deleted); see also State v. Anderson, 34,491, p. 3 (La.App.2d Cir.4/4/01), 784 So.2d 749, 751 ("In common usage, the phrases confront and cross-examine always connote adversarial activities."), writ denied, 01-1431 (La.4/12/02), 812 So.2d 666. In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. See State v. Martin, 382 So.2d 933, 935 (La.1980)(purpose underlying the Boykin and Jackson rules "is to ensure the defendant's receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary. . . . [T]his information may successfully be conveyed in words tailored to a particular individual's vocabulary and comprehension), overruled in part on other grounds, State v. Williams, 392 So.2d 448 (La.1980). Accordingly, we agree with the dissenting views of Chief Judge Brown that the circumstances in the record reflect a knowing and voluntary waiver of defendant's rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.