BROWN, Chief Judge.
|, Defendant, Willie Ford, pled guilty to one count of attempted first degree murder, and the trial court sentenced him to serve 45 years at hard labor. The defendant now appeals, asserting that his guilty plea is invalid because the trial court’s Boykinization was inadequate and that his sentence is unconstitutionally excessive. For the reasons set forth below, defendant’s conviction and sentence are affirmed.

Facts

On September 23, 2004, police officers were called to respond to a shooting involving two men on Shaver Street in Bossier City. When officers arrived, they were advised that the shooter fled on a red bicycle toward Kroger Grocery Store on Benton Road. Police Chief Mike Halphen received the call on his police radio and saw defendant, who fit the description provided by the officers. When Chief Hal-phen came in contact with defendant and advised him to stop, defendant turned *313 around and fired several shots from a silver handgun at Chief Halphen. Defendant then continued riding toward Kroger and fired several more shots at other officers who had arrived on the scene before he was apprehended and arrested. A bystander in the shopping center’s parking lot was slightly wounded. The young man on Shaver Street was treated at the hospital and released.
Defendant entered a plea of guilty to count one, the attempted first degree murder of Officer Bernard Grant, in exchange for the dismissal of counts two and three (the attempted first degree murders of Officer Jeff Gaydos and Chief Mike Hal-phen). In a separate proceeding, the state 12dismissed the attempted second degree murder charge of the young man shot on Shaver Street. The trial court sentenced defendant to imprisonment at hard labor for a term of 45 years, with credit for time served. The defense timely filed a motion to reconsider sentence, which was denied by the trial court. This appeal followed.

Discussion

Guilty Plea

The entry of a guilty plea must be a free and voluntary choice on the part of a defendant. A valid plea requires a showing that the defendant was informed of and waived his constitutional rights of trial by jury, confrontation, and the privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Before taking the guilty plea, the trial court ascertained that defendant was 20 years old, had a 10th-grade education, and the ability to read, write, and understand the English language. The colloquy regarding the right to confrontation took place as follows:
THE COURT: Do you understand the District Attorney would have to prove his case against you beyond a reasonable doubt?
MR FORD: Yes, sir.
THE COURT: Do you understand your attorney would cross-examine anybody that accused you of this crime?
MR FORD: Yes, sir.
Defendant claims that this advice was insufficient as it only informed him of his right to cross-examine. He asserts that the right of confrontation included the right to see as well as cross-examine the witnesses against him.
lain State v. Mendenhall, 06-1407 (La.12/08/06), 944 So.2d 560, the supreme court reversed a decision from this court and held:
With respect to the Confrontation Clause of the Sixth Amendment, “[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.” Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)(internal quotation marks and citation omitted; emphasis deleted); see also State v. Anderson, 34,491, p. 3 (La. App.2d Cir.4/4/01), 784 So.2d 749, 751 (“In common usage, the phrases confront and cross-examine always connote adversarial activities.”), writ denied, 01-1431 (La.4/12/02), 812 So.2d 666. In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. See State v. Martin, 382 So.2d 933, 935 (La.1980)(purpose underlying the Boykin and [State ex rel.] Jackson [v. Henderson, 260 La. 90, 255 So.2d 85 (1971)] rules “is to ensure the defendant’s receipt of adequate information, *314 so that his decision to plead guilty is truly intelligent and voluntary.... [T]his information may successfully be conveyed in words tailored to a particular individual’s vocabulary and comprehension), overruled in part on other grounds, State v. Williams, 392 So.2d 448 (La.1980). Accordingly, we agree with the dissenting views of Chief Judge Brown that the circumstances in the record reflect a knowing and voluntary waiver of defendant’s rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.[1]
It is common sense that cross-examination is an adversarial act and necessarily includes the right to see the witness. The circumstances in this case reflect an understanding and waiver of the right of confrontation.
In his appellate brief, defendant argues that the guilty plea should also be set aside because the trial court did not advise him of his right to a jury trial. During the guilty plea, the trial court asked defendant if he understood |4that he had the right to continue in his not guilty plea and “have a trial,” informed him that no one could force him to incriminate himself at trial, and asked defendant if he understood that he would have the right to appeal if “convicted after a trial.”
The Louisiana Supreme Court has ruled that courts may look beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver of rights occurred. State v. Lawson, 410 So.2d 1101 (La.1982). In State v. Worsham, 32,670 (La.App.2d Cir.02/01/00), 754 So.2d 1107, this court found that the defendant’s guilty plea was valid, in spite of the fact that the trial court did not inform defendant of his right to a jury trial at the time he pled guilty, because the record showed that the trial court informed defendant of his right to a jury trial at the arraignment. See also State v. Dodson, 41,415 (La.App.2d Cir.10/16/06), 942 So.2d 579. The record in this case shows that at a hearing where defendant was found mentally able to stand trial, defendant was told by the trial judge, “I need to advise you (that) you have the right to a trial by jury, but you can waive that right and be tried by a judge alone, but you don’t need to make that decision today.” While the trial court and state should be advised that the better practice is to inform defendant of his right to a trial by jury at the time he pleads guilty, the record supports a finding that defendant was aware of his right to a trial by jury and that his guilty plea was made with the knowledge that he was waiving his right to a trial by jury when he pled guilty.
| RExcessive Sentence
Before sentencing defendant, the trial court related that it had reviewed the information contained in the pre-sentence investigation report, including two victim impact statements, plus the defendant’s statement and handwritten letter. The trial court noted that it considered the fact that defendant was a first felony offender. It commented on the severity of the offense, observing that the store parking lot shooting endangered both officers and customers. In considering the sentencing guidelines set forth in La. C. Cr. P. art. 894.1, the trial court noted that the seriousness of the crime might be deprecated by a lesser sentence. It also observed defendant’s creation of undue risk to others, including the risk of death or great bodily harm. The trial court commented that defendant’s actions showed no regard for human life. After careful consider *315 ation, the trial court sentenced defendant to 45 years imprisonment at hard labor.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939; 6State v. Lingefelt, 38,038 (La.App.2d Cir.01/28/04), 865 So.2d 280, unit denied, 04-0597 (La.09/24/04), 882 So.2d 1165.
A review of the entire record reveals that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1 and carefully considered the guidelines of the article in tailoring the sentence for this 20-year-old defendant. Furthermore, when defendant’s crime and punishment are viewed in light of the harm done to society by such reckless use of a firearm and total disregard for human life, the 45-year hard labor sentence does not shock the sense of justice. This is particularly true considering that the defendant pled guilty to an offense which does not come near to adequately describing his conduct, and for which he received a significant reduction in potential exposure to confinement. See State v. Black, supra. We find no showing of manifest abuse of the trial court’s discretion, and will not disturb defendant’s sentence in this case.[2]

Conclusions

Defendant’s conviction and sentence are AFFIRMED.
CARAWAY, J., concurs.

. The full history of this case is: State v. Mendenhall, 40,986 (La.App.2d Cir.05/19/06), 930 So.2d 1196, writ granted, decision reversed, 06-1407 (La. 12/08/06), 944 So.2d 560, on remand, 40,986 (La.App.2d Cir.02/07/07), 948 So.2d 1255.

. The jurisdiction check in this appeal reveals that the trial court failed to impose the sentence without benefit of parole, probation, or suspension of sentence as required by La. R.S. 14:27(D)(l)(a) and La. R.S. 14:30(C). There is no need for remand, however, because the trial court’s failure to state that the sentence is to be served without benefit will be corrected automatically by operation of La. R.S. 15:301.1. See State v. Klasek, 37,114 (La. App.2d Cir.04/11/03), 843 So.2d 646, writ denied, 03-1359 (La. 12/12/03), 860 So.2d 1149. When a district court fails to order service of sentence without benefits in a case in which a determinate time period to be so served is mandated by the statute of conviction, the sentence automatically will be served without benefits for the required time period. La. R.S. 15:301.1(A); State v. Williams, 00-1725 (La.1 1/28/01), 800 So.2d 790. The applicable sentencing statutes mandate that the entire sentence be served without benefit of parole, probation, or suspension of sentence; thus, there is no issue of an indeterminate sentence. Therefore, there is no need for remand to the trial court because the sentence is automatically self-corrected by operation of law.