955 So.2d 1264 (2007)
STATE of Louisiana
v.
Leonard SMALLWOOD.
No. 2006-KP-2363.
Supreme Court of Louisiana.
May 18, 2007.
PER CURIAM.
Granted. The decision of the Second Circuit is reversed, and respondent's guilty plea and sentence are reinstated.
A majority on the court of appeal panel found that the trial judge's statement informing respondent that the state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at a trial did not suffice as an advisement to relator of his right to confront his accusers. The majority opinion set aside the guilty plea on that basis. State v. Smallwood, 41,763 (La.App. 2nd Cir. 9/14/06)(Brown, C.J., dissenting). In doing so, the majority relied on the court of appeal's prior decision in State v. Mendenhall, 40,986 (La.App.2d Cir. 5/19/06, 930 So.2d 1196 (Brown, C.J., dissenting). However, in the interim, this Court reversed Mendenhall in a per curiam opinion. *1265 State v. Mendenhall, 06-1407 (La.12/8/06), 944 So.2d 560. We thereby reaffirmed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a "`magic word formula'" which may "`serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea. . . .'" Mendenhall, 06-1407 at 1, 944 So.2d at 560 (quoting State v. Bowick, 403 So.2d 673, 675 (La.1981)). We also reaffirmed that with respect to the Confrontation Clause of the Sixth Amendment, "`[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.'" Mendenhall, 06-1407 at 1, 944 So.2d at 560 (quoting Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)(internal quotation marks and citation omitted; emphasis deleted) and approving of State v. Anderson, 34,491, p. 3 (La.App.2d Cir.4/4/01), 784 So.2d 749, 751 ("In common usage, the phrases confront and cross-examine always connote adversarial activities."), writ denied, 01-1431 (La.4/12/02), 812 So.2d 666)).
Applying these precepts to the instant case, the language used by the trial judge appears sufficiently tailored to inform a 39-year-old defendant, who was educated through the twelfth grade, that because he was waiving his right to have counsel cross-examine the witnesses against him he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. See State v. Martin, 382 So.2d 933, 935 (La.1980)(purpose underlying the Boykin and Jackson rules "is to ensure the defendant's receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary. . . . [T]his information may successfully be conveyed in words tailored to a particular individual's vocabulary and comprehension)", overruled in part on other grounds, State v. Williams, 392 So.2d 448 (La.1980).
Accordingly, we again agree with the dissenting views of Chief Judge Brown that the circumstances in the record reflect a knowing and voluntary waiver of respondent's rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.