967 So.2d 487 (2007)
STATE of Louisiana
v.
Anthony W. DODSON.
No. 2007-K-0057.
Supreme Court of Louisiana.
November 2, 2007.
*488 PER CURIAM.
Granted. The decision of the court of appeal is reversed and defendant's conviction and sentence are reinstated. In vacating defendant's conviction, the court of appeal found that the trial court failed to apprise defendant adequately of his right to confront his accusers when it informed him that by entering a plea of guilty he was waiving his right to have his attorney "examine the D.A.'s witnesses during the course of trial." State v. Dodson, 41,415 (La.App. 2nd Cir. 10/16/06), 942 So.2d 579 (reh'g den'd 12/7/06)(Brown, C.J., to grant reh'g). The court of appeal panel relied on the Second Circuit's earlier decision in State v. Mendenhall, 40,986 (La.App. 2nd Cir.5/19/06), 930 So.2d 1196 (advice that defendant was waiving his right to cross-examine the state's witnesses did not adequately apprise defendant of his right of confrontation)(Brown, C.J., dissenting). However, this Court subsequently reversed that decision and thereby reaffirmed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a "`magic word formula'" which may "`serve as a technical trap for inquiry into the validity of the plea. . . .'" State v. Mendenhall, 06-1407, p. 1 (La.12/8/06), 944 So.2d 560 (quoting State v. Bowick, 403 So.2d 673, 675 (La.1981)). See also State v. Smallwood, 06-2363 (La.5/18/06), 955 So.2d 1264. In the present case, while the trial court failed to advise defendant during the guilty plea colloquy that he was waiving his right to cross-examination of the state's witnesses by entering a guilty plea, the minutes of the court show that defendant was present with counsel for the hearing on his motion to suppress during which counsel cross-examined two police officers. In this context, the trial court's advice to defendant, who was 45 years old at the time of the plea colloquy and possesses a G.E.D., that he waived his right to examine the witnesses against him at trial by entering a guilty plea adequately informed him of his right of confrontation and cross-examination at trial. Mendenhall, 06-1407 at 1, 944 So.2d at 560 ("The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.")(internal quotation marks and citations omitted).