35 So.3d 453 (2010)
STATE of Louisiana, Appellee
v.
Jefferson MARKRAY, Appellant.
No. 45,129-KA.
Court of Appeal of Louisiana, Second Circuit.
April 21, 2010.
*454 Carey J. Ellis, III, for Appellant.
J. SChuyler Marvin, District Attorney, John M. Lawrence, Marcus Patillo, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
Jefferson Markray pled guilty to unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3 and was sentenced to six years at hard labor to be served consecutively to a sentence he was serving in another case. He now appeals asserting that his plea was not freely intelligently, and voluntarily entered because of a violation of his Boykin rights. For the following reasons, Markray's guilty plea is vacated and the matter remanded for further proceedings.

Facts
The pertinent facts concern whether Markray was adequately advised of his constitutional right to confrontation prior to pleading guilty. Markray pled guilty pursuant to a plea agreement which included a sentencing cap of 20 years and the state's agreement not to multiple bill him. Thereafter, the following colloquy occurred:
THE COURT: Allright. Now. Mr. Markray, you understand you do not have to plead guilty. You can maintain your not guilty plea and have a trial before a jury, or if you waive that right a trial before the Judge, do you understand?
MR. MARKRAY Yes, sir.
THE COURT: Do you understand, sir; that the District Attorney would have to prove his case against you beyond a reasonable doubt?
MR. MARKRAY: Yes, sir. I do.
* * *
THE COURT: Okay. Speak up, and just say "yes" or "no's" will do. All right. So do you also understand you have the right to remain silent that no one can force you to incriminate yourself today or at the trial, you understand?
MR. MARKRAY: Yes, sir. I do.

*455 THE COURT: All right. Do you understand this Court would subpoena whatever evidence or witnesses you needed in order for you to present a defense? Do you understand?
MR. MARKRAY: Yes, sir. I do.
The court noted that counsel had been present and heard Markray answer the court's questions. The court then asked counsel, "Do you believe he's understood and waived these rights?" Counsel responded in the affirmative.
Markray's counsel addressed the court prior to the guilty plea concerning whether his sentence should run consecutively with his sentence in another case. Counsel stated that Markray pled guilty in February to a drug charge (the instant guilty plea was in March) and that the two charges "apparently arose out of the same, when they came to arrest him for this, unauthorized entry, I believe drugs were found on him. So it arose out of the same event."
Markray is a fifth felony offender who at the time of sentencing was serving five years on the charge of possession of a controlled dangerous substance; he had previous DWI offenses, previous theft offenses, and other inhabited dwelling offenses.

Discussion
The federal constitutional standards set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), require that a guilty plea be recorded showing that defendant was informed of and waived three specific constitutional rights. These rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. State v. Guzman, 99-1528 (La.05/16/00), 769 So.2d 1158, 1163, fn. 4, citing State ex rel. Jackson v. Henderson, 255 So.2d 85, 260 La. 90 (1971). The trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980). See also La. C. Cr. P. art. 556.1(A)(3) requiring that the court not accept a guilty plea in a felony case without addressing the defendant personally in open court and informing him of and determining that he understands he has the right "to confront and cross-examine witnesses against him...."
It would be the height of technicality to require that the word "confront" be used when an explanation of rights is otherwise given. State v. Woods, 402 So.2d 680 (La.1981). The use of the phrase, "you waive your right to confront your witnesses and to cross-examine them at trial" adequately complies with the mandates of Boykin. State v. Anderson, 34,491 (La.App.2d Cir.4/4/01), 784 So.2d 749, writs denied, 01-1431 (La.4/12/02), 812 So.2d 666, 01-2429 (La.5/24/02), 816 So.2d 303. Prior guilty pleas cannot be utilized to infer defendant's knowledge of his rights when pleading guilty in a later case where no evidence exists to demonstrate that a defendant was properly Boykinized at the prior pleas. State v. Lawson, 410 So.2d 1101 (La.1982). In instances where a printed waiver form is signed by defendant or the defendant has been present at numerous pretrial proceedings, where he could not avoid knowledge of the nature of his right of confrontation, the courts have looked beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver has occurred. State v. Cusher, 400 So.2d 601 (La.1981); State v. Dunn, 390 So.2d 525 (La.1980).
In State v. Dodson, 07-0057 (La.11/2/07), 967 So.2d 487, the Louisiana Supreme Court upheld a guilty plea when the defendant was informed that he was waiving his right to have his attorney "examine the *456 D.A.'s witnesses during the course of trial." In so doing, the court explained:
In the present case, while the trial court failed to advise defendant during the guilty plea colloquy that he was waiving his right to cross-examination of the state's witnesses by entering a guilty plea, the minutes of the court show that defendant was present with counsel for the hearing on his motion to suppress during which counsel cross-examined two police officers. In this context, the trial court's advice to defendant, who was 45 years old at the time of the plea colloquy and possesses a G.E.D., that he waived his right to examine the witnesses against him at trial by entering a guilty plea adequately informed him of his right of confrontation and cross-examination at trial. [State v.], Mendenhall, 06-1407 at 1, 944 So.2d at 560 ("The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.") (internal quotation marks and citations omitted).
In this case, there is no evidence to assure the court that Markray was properly Boykinized before entering his prior guilty plea. Nor is there any evidence that Markray signed a printed waiver form or participated in pretrial proceedings where he could not avoid knowledge of the nature of his right of confrontation. When read in its entirety, the guilty plea transcript shows inadequate Boykin compliance. There is no mention of defendant's right to confront and cross-examine witnesses. Neither the court's advisement of the state's burden of proof beyond a reasonable doubt nor Markray's right to compulsory process states or implies Markray's right to confrontation. Thus, the "main and essential purpose of confrontation" is lacking in the statements of the court to Markray. For these reasons, we vacate Markray's guilty plea, reverse his conviction and remand for further proceedings.
CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
BROWN, C.J., dissents with written reasons.
BROWN, Chief Judge, Dissenting.
Defendant pled guilty to an amended bill of information pursuant to a plea bargain which limited or capped the possible sentence to 20 years and included an agreement that he would not be multi-billed. Further, defendant's attorney indicated that defendant had also pled guilty the previous month to a felony possession of CDS; the attorney claimed that the sentences should run concurrently because it arose out of the same transaction. Defendant was a 52-year-old fifth felony offender.
In addition to an explanation of defendant's rights against self-incrimination and to a jury trial, the trial court stated, "You can maintain your not guilty plea and have a trial before a jury, or if you waive that right, a trial before the Judge ... (and) that the District Attorney would have to prove his case against you beyond a reasonable doubt ... (and) this court would subpoena whatever evidence or witness you needed in order for you to present a defense."
I disagree that the dialogue between the trial court and defendant was insufficient under Boykin. The Supreme Court in Boykin makes it clear that a plea of guilty cannot stand unless the record demonstrates that it was freely and intelligently entered. A silent record will not suffice. Rather, the trial court must actively participate in canvassing the matter with the accused. To insure such a record, Boykin *457 requires the trial court to expressly enumerate three rights which must be waived by the accused prior to accepting a guilty plea. As spelled out by Boykin, these are rights to a jury trial, against self-incrimination, and to confront one's accusers. The rule does not call for a recitation of a formula by rote or the spelling out of every detail by the trial court.
A similar factual situation occurred in State v. Mendenhall, 06-1407 (La.12/08/06), 944 So.2d 560. The supreme court reversed this court's decision in which I had dissented stating:
The decision of the Second Circuit is reversed.... A majority on the court of appeal panel found that the trial judge's statement informing defendant that the state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at a trial did not suffice as an advisement to defendant of his right to confront his accusers. State v. Mendenhall, 40,986 (La.App.2nd Cir. 5/19/06), 930 So.2d 1196 (Brown, C.J., dissenting). However, this Court has stressed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court's implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a "magic word formula" which may "serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea...." State v. Bowick, 403 So.2d 673, 675 (La.1981). With respect to the Confrontation Clause of the Sixth Amendment, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)(internal quotation marks and citation omitted; emphasis deleted); see also State v. Anderson, 34,491, p. 3 (La.App.2d Cir.4/4/01), 784 So.2d 749, 751 ("In common usage, the phrases confront and cross-examine always connote adversarial activities."), writ denied, 01-1431 (La.4/12/02), 812 So.2d 666. In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. See State v. Martin, 382 So.2d 933, 935 (La.1980)(purpose underlying the Boykin and Jackson rules "is to ensure the defendant's receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary...." [T]his information may successfully be conveyed in words tailored to a particular individual's vocabulary and comprehension), overruled in part on other grounds, State v. Williams, 392 So.2d 448 (La.1980). Accordingly, we agree with the dissenting views of Chief Judge Brown that the circumstances in the record reflect a knowing and voluntary waiver of defendant's rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.
State v. Mendenhall, 944 So.2d at 560.
The trial court's discourse with this 52-year-old fifth felony offender, who had, just prior to his guilty plea in this case, pled guilty to another felony, was tailored to sufficiently inform him of his rights. The dialogue between the trial judge and defendant clearly connoted an adversarial or confrontational jury trial where the District Attorney "would have to prove his case against you beyond a reasonable doubt" and "this court would subpoena whatever evidence or witness you needed *458 in order for you to present a defense." I respectfully disagree with the majority's narrow view. A common sense consideration of the circumstances encompassing defendant's guilty plea reflects defendant's understanding that he was entitled to an adversarial and confrontational trial.