CARAWAY, J.
|2Jefferson Markray pled guilty to unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3 and was sentenced to six years at hard labor to be served consecutively to a sentence he was serving in another case. He now appeals asserting that his plea was not freely intelligently, and voluntarily entered because of a violation of his Boykin rights. For the following reasons, Markray’s guilty plea is vacated and the matter remanded for further proceedings.

Facts

The pertinent facts concern whether Markray was adequately advised of his constitutional right to confrontation prior to pleading guilty. Markray pled guilty pursuant to a plea agreement which included a sentencing cap of 20 years and the state’s agreement not to multiple bill him. Thereafter, the following colloquy occurred:
THE COURT: Allright. Now. Mr. Markray, you understand you do not have to plead guilty. You can maintain your not guilty plea and have a trial before a jury, or if you waive that right a trial before the Judge, do you understand?
MR. MARKRAY Yes, sir.
THE COURT: Do you understand, sir; that the District Attorney would have to prove his case against you beyond a reasonable doubt?
MR. MARKRAY: Yes, sir. I do.
* ⅜ *
THE COURT: Okay. Speak up, and just say “yes” or “no’s” will do. All right. So do you also understand you have the right to remain silent that no one can force you to incriminate yourself today or at the trial, you understand?
MR. MARKRAY: Yes, sir. I do.
*455 |aTHE COURT: All right. Do you understand this Court would subpoena whatever evidence or witnesses you needed in order for you to present a defense? Do you understand?
MR. MARKRAY: Yes, sir. I do.
The court noted that counsel had been present and heard Markray answer the court’s questions. The court then asked counsel, “Do you believe he’s understood and waived these rights?” Counsel responded in the affirmative.
Markray’s counsel addressed the court prior to the guilty plea concerning whether his sentence should run consecutively with his sentence in another case. Counsel stated that Markray pled guilty in February to a drug charge (the instant guilty plea was in March) and that the two charges “apparently arose out of the same, when they came to arrest him for this, unauthorized entry, I believe drugs were found on him. So it arose out of the same event.”
Markray is a fifth felony offender who at the time of sentencing was serving five years on the charge of possession of a controlled dangerous substance; he had previous DWI offenses, previous theft offenses, and other inhabited dwelling offenses.

Discussion

The federal constitutional standards set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), require that a guilty plea be recorded showing that defendant was informed of and waived three specific constitutional rights. These rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers. State v. Guzman, 99-1528 (La.05/16/00), 769 So.2d 1158, 1163, fn. 4, citing State ex rel. Jackson v. Henderson, 255 So.2d 85, 260 La. 90 (1971). The trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980). See also La. C. Cr. P. art. 556.1(A)(3) requiring that the court not accept a guilty plea in a felony case without addressing the defendant personally in open court and informing him of and determining that he understands he has the right “to confront and cross-examine witnesses against him.... ”
It would be the height of technicality to require that the word “confront” be used when an explanation of rights is otherwise given. State v. Woods, 402 So.2d 680 (La.1981). The use of the phrase, “you waive your right to confront your witnesses and to cross-examine them at trial” adequately complies with the mandates of Boykin. State v. Anderson, 34,491 (La.App.2d Cir.4/4/01), 784 So.2d 749, writs denied, 01-1431 (La.4/12/02), 812 So.2d 666, 01-2429 (La.5/24/02), 816 So.2d 303. Prior guilty pleas cannot be utilized to infer defendant’s knowledge of his rights when pleading guilty in a later case where no evidence exists to demonstrate that a defendant was properly Boykinized at the prior pleas. State v. Lawson, 410 So.2d 1101 (La.1982). In instances where a printed waiver form is signed by defendant or the defendant has been present at numerous pretrial proceedings, where he could not avoid knowledge of the nature of his right of confrontation, the courts have looked beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver has occurred. State v. Cusher, 400 So.2d 601 (La.1981); State v. Dunn, 390 So.2d 525 (La.1980).
In State v. Dodson, 07-0057 (La.11/2/07), 967 So.2d 487, the Louisiana Supreme Court upheld a guilty plea when the defendant was informed that he was waiving his right to have his attorney “examine the *456 D.A.’s witnesses during the course of trial.” In so doing, the court explained:
In the present case, while the trial court failed to advise defendant during the guilty plea colloquy that he was waiving his right to cross-examination of the state’s witnesses by entering a guilty plea, the minutes of the court show that defendant was present with counsel for the hearing on his motion to suppress during which counsel cross-examined two police officers. In this context, the trial court’s advice to defendant, who was 45 years old at the time of the plea colloquy and possesses a G.E.D., that he waived his right to examine the witnesses against him at trial by entering a guilty plea adequately informed him of his right of confrontation and cross-examination at trial. [State v.], Mendenhall, 06-1407 at 1, 944 So.2d at 560 (“The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.”) (internal quotation marks and citations omitted).
In this case, there is no evidence to assure the court that Markray was properly Boykinized before entering his prior guilty plea. Nor is there any evidence that Markray signed a printed waiver form or participated in pretrial proceedings where he could not avoid knowledge of the nature of his right of confrontation. When read in its entirety, the guilty plea transcript shows inadequate Boykin compliance. There is no mention of defendant’s right to confront and cross-examine witnesses. Neither the court’s advisement of the state’s burden of proof beyond a reasonable doubt nor Markray’s right to compulsory process states or implies Markray’s right |fito confrontation. Thus, the “main and essential purpose of confrontation” is lacking in the statements of the court to Markray. For these reasons, we vacate Markray’s guilty plea, reverse his conviction and remand for further proceedings.
CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
BROWN, C.J., dissents with written reasons.