BROWN, Chief Judge,
Dissenting.
|2Pefendant pled guilty to an amended bill of information pursuant to a plea bargain which limited or capped the possible sentence to 20 years and included an agreement that he would not be multi-billed. Further, defendant’s attorney indicated that defendant had also pled guilty the previous month to a felony possession of CDS; the attorney claimed that the sentences should run concurrently because it arose out of the same transaction. Defendant was a 52-year-old fifth felony offender.
In addition to an explanation of defendant’s rights against self-incrimination and to a jury trial, the trial court stated, “You can maintain your not guilty plea and have a trial before a jury, or if you waive that right, a trial before the Judge ... (and) that the District Attorney would have to prove his case against you beyond a reasonable doubt ... (and) this court would subpoena whatever evidence or witness you needed in order for you to present a defense.”
I disagree that the dialogue between the trial court and defendant was insufficient under Boykin. The Supreme Court in Boykin makes it clear that a plea of guilty cannot stand unless the record demonstrates that it was freely and intelligently entered. A silent record will not suffice. Rather, the trial court must actively participate in canvassing the matter with the accused. To insure such a record, Boykin *457 requires the trial court to expressly enumerate three rights which must be waived by the accused prior to accepting a guilty plea. As spelled out by Boykin, these are rights to a jury trial, against self-incrimination, and to confront one’s accusers. The 13rule does not call for a recitation of a formula by rote or the spelling out of every detail by the trial court.
A similar factual situation occurred in State v. Mendenhall, 06-1407 (La.12/08/06), 944 So.2d 560. The supreme court reversed this court’s decision in which I had dissented stating:
The decision of the Second Circuit is reversed.... A majority on the court of appeal panel found that the trial judge’s statement informing defendant that the state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state’s witnesses at a trial did not suffice as an advisement to defendant of his right to confront his accusers. State v. Mendenhall, 40,986 (La.App.2nd Cir. 5/19/06), 930 So.2d 1196 (Brown, C.J., dissenting). However, this Court has stressed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court’s implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a “magic word formula” which may “serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea.... ” State v. Bowick, 403 So.2d 673, 675 (La.1981). With respect to the Confrontation Clause of the Sixth Amendment, “[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.” Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)(internal quotation marks and citation omitted; emphasis deleted); see also State v. Anderson, 34,491, p. 3 (La.App.2d Cir.4/4/01), 784 So.2d 749, 751 (“In common usage, the phrases confront and cross-examine always connote adversarial activities.”), writ denied, 01-1431 (La.4/12/02), 812 So.2d 666. In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial. See State v. Martin, 382 So.2d 933, 935 (La.1980)(purpose underlying the Boykin and Jackson rules “is to ensure the defendant’s receipt of adequate information, so that his decision to plead guilty is truly intelligent and voluntary....” [T]his information may successfully be conveyed in words tailored to a particular individual’s vocabulary and comprehension), overruled in part on other grounds, State v. Williams, 392 So.2d 448 (La.1980). Accordingly, we agree with the dissenting views of Chief Judge Brown that the circumstances in the record reflect a knowing and voluntary waiver of defendant’s rights and compliance with the constitutional requirements for the taking of voluntary guilty pleas in Louisiana.
State v. Mendenhall, 944 So.2d at 560.
The trial court’s discourse with this 52-year-old fifth felony offender, who had, just prior to his guilty plea in this case, pled guilty to another felony, was tailored to sufficiently inform him of his rights. The dialogue between the trial judge and defendant clearly connoted an adversarial or confrontational jury trial where the District Attorney “would have to prove his case against you beyond a reasonable doubt” and “this court would subpoena whatever evidence or witness you needed *458 in order for you to present a defense.” I respectfully disagree with the majority’s narrow view. A common sense consideration of the circumstances encompassing defendant’s guilty plea reflects defendant’s understanding that he was entitled to an adversarial and confrontational trial.