# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-483 consolidated with 10-898

**STATE OF LOUISIANA**

**VERSUS**

**HUNG NGUYEN**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-2277
HONORABLE LORI LANDRY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**CONVICTIONS AFFIRMED. SENTENCES VACATED. REMANDED WITH INSTRUCTIONS.**

Alfred F. Boustany, II
Post Office Box 4626
Lafayette, LA 70502
(337) 261-0225
COUNSEL FOR DEFENDANT/APPELLANT:
    Hung Nguyen

Honorable J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

Jeffrey J. Trosclair
Assistant District Attorney
500 Main Street, 5th Floor
Franklin, LA 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

AMY, Judge.

The defendant pled guilty to two counts of aggravated second degree battery and was sentenced to serve fifteen years imprisonment at hard labor with five years of that sentence suspended on each count. The trial court ordered the sentences to be served concurrently. The defendant appeals, questioning the trial court's appointment of his step-son and the victim's son as his translator. The defendant also asserts deficiencies in the bill of information and in his guilty plea. The defendant also challenges his sentences as excessive. For the following reasons, we affirm the defendant's convictions, vacate his sentences, and remand the matter to the trial court for resentencing.

### Factual and Procedural Background

The defendant, Hung Nguyen, was charged on April 10, 2007, by bill of information with attempted second degree murder and second degree kidnapping arising out of an altercation with his wife on February 13, 2007. On November 8, 2007, the defendant was also charged with attempted second degree murder arising out of an altercation with his wife on September 16, 2007.

The defendant and the State agreed to enter into a plea agreement, wherein the defendant would plead guilty and the State would amend the previous April and November bills of information and charge the defendant with two counts of aggravated second degree battery, violations of La.R.S. 14:34.7.

The defendant subsequently pled guilty on September 1, 2009, to two counts of aggravated second degree battery. On October 29, 2009, the trial court sentenced the defendant to serve fifteen years imprisonment at hard labor for each count, with five years of each penalty suspended and subject to supervised probation. The trial

court ordered the sentences to be served concurrently. The defendant filed a motion to reconsider sentence, which was subsequently denied.

The defendant appeals, asserting the following errors:

1. The district judge erred when she appointed the appellant's step-son as his interpreter, who is also the biological son of the victim because [La.Code Crim.P. art.] 25.1 requires the court to appoint a competent interpreter, and [La.Code Evid. art.] 604 requires an interpreter to be qualified as an expert, and this record fails to show that the appointed interpreter had the qualifications required by law.

2. The district judge erred when she appointed the victim's son as the appellant's interpreter because he had an interest in the case that may have conflicted with the appellant's best interests, also acted as the victim's interpreter, and testified as a witness at the appellant's sentencing hearing.

3. The district judge erred when she did not require the interpreter to translate in the appellant's native language of Vietnamese.

4. The appellant did not knowingly and intelligently waive his Federal and State Constitutional right to confront his accuser because the district judge did not explain to the appellant during his Boykin colloquy that he had a Constitutional right under the Federal and State Constitutions to confront his accuser.

5. The appellate court should reverse the appellant's conviction because the bill of information failed to list the name of the victim as required by [La.Code Crim.P. art.] 473.

6. The appellate court should reverse the appellant's conviction because the appellant did not knowingly and intelligently plead guilty to the crime charged in the bill of information when the trial judge gave him a different date of offense than the one alleged in the bill of information, the bill of information alleged the use of a knife to commit the offense, but the appellant denied using a knife, and the offense required the use of a dangerous weapon but no one explained the definition of dangerous weapon to the appellant.

7. The lower court erred by imposing an excessive sentence.

As the pleas and sentencing under each lower court docket number were conducted jointly at the trial court and were part of the same plea agreement, the two

2

appeals lodged with this court were consolidated.[1] For the following reasons, we affirm the defendant's convictions, vacate his sentences, and remand to the trial court with instructions.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the fact of the record. After review, we find one error patent in addition to finding the court minutes are in need of correction.

The sentencing transcript indicates that the trial court, when imposing sentence, stated in pertinent part, "And he is going to pay any outstanding restitution, out of pocket expenses that this victim has." However, the trial court did not specify the amount of restitution owed, resulting in an indeterminate, illegal sentence. *See State v. Joseph*, 05-186 (La.App. 3 Cir. 11/2/05), 916 So.2d 378. Accordingly, the defendant's sentences are vacated, and the matter is remanded to the trial court for resentencing.

After review, we also find that the court minutes are in need of correction. The amended bills of information and the plea hearing transcript indicate that the defendant was charged with, and pled guilty to, aggravated second degree battery. However, the September 1, 2009 minute entry of the defendant's guilty plea reflects that the defendant pled guilty to "Aggravated Battery." Consequently, we order the trial court to amend the minute entry to accurately reflect the transcript. *See State v. Blue*, 09-1111 (La.App. 3 Cir. 4/7/10), 34 So.3d 447.

---

[1] For the companion case to this appeal, *see State v. Nguyen,* 10-898 (La.App. 3 Cir. _/_/11), __So.3d___.

*Assignments of Errors 1 and 2*

The defendant asserts that "[t]he district judge erred when she appointed the victim's son as the appellant's interpreter because he had an interest in the case that may have conflicted with the appellant's best interests, also acted as the victim's interpreter, and testified as a witness at the appellant's sentencing hearing."

On September 1, 2009, a guilty plea hearing was held. The record reveals that the defendant spoke Vietnamese as a first language. The transcript reveals that, at that hearing, the trial court asked the defendant whether he understood English. The defendant responded: "A little bit[,] not too much." The trial court then asked the defendant whether he had understood the proceedings thus far, to which the defendant responded, "Yes." The trial court asked Thanh Le, the defendant's step-son and the victim's biological son, whether he would help by translating for his father in the event that the defendant had problems. Mr. Le agreed and took the interpreter's oath.[2]

The record reveals that the defendant made no objection at either his guilty plea or sentencing hearing regarding Mr. Le's qualification as an interpreter or possible bias. In fact, the transcript reveals that at the sentencing hearing, counsel for the defendant asked Mr. Le if he would assist in translating, stating:

> Yes, I would like to call the victim, his wife, Le. And I would also like her son, is here today, and her English is not the best, Your Honor, if he could come up and assist us, I would appreciate it. Even though he is going to testify.

---

[2] According to the transcript, the interpreter's oath reads as follows:

> Do you solemnly swear or affirm to make a true interpretation in this case in the language that he understands and you will repeat his answer to questions to counsel and the court to the best of your skill and judgment so help you God?

Under the contemporaneous objection rule, "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La.Code Crim.P. art. 841. Accordingly, the defendant waived any objections as to these alleged errors by failing to timely object.

Further, although arguing generally as to Mr. Le's potential bias, the defendant does not assert any specific prejudice arising out of Mr. Le's translation. In fact, the record indicates that while Mr. Le testified at the defendant's sentencing hearing, he did so on behalf of the defendant, asking the trial court to release the defendant on probation.

For these reasons, these assignments of error are without merit.

*Assignment of Error 3*

The defendant contends that the trial court erred in not requiring the interpreter to translate in the defendant's native language of Vietnamese.

The transcript indicates that, twice, the trial court noted for the record that Mr. Le was translating into English. However, similarly to the above, the defendant did not object, thus waiving these alleged errors. *See* La.Code Crim.P. art. 841.

For this reason, this assignment of error is without merit.

*Assignment of Error 4*

In his fourth assignment of error, the defendant contends that he did "not knowingly and intelligently waive his Federal and State Constitutional right to confront his accuser because the district judge did not explain to the appellant during his Boykin colloquy that he had a Constitutional right under the Federal and State Constitutions to confront his accuser."

In order for a guilty plea to be valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against self-incrimination. *State v. Williams*, 02-0707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. In addition, under La.Code Crim.P. art. 556.1,[3] a trial court shall not accept a guilty plea unless it advises the defendant of certain rights, including "the right to confront and cross-examine witnesses against him."

The transcript of the guilty plea, in pertinent part, reads as follows:

[Trial Court]:     If you go to trial you have the right to have your case heard in front of a jury. You understand that?

[Defendant]:      Yes, Ma'am.

[Trial Court]:     At that trial, Ms. Jones [counsel for the defendant] would ask questions of the witnesses. You understand what she would do at trial?

[Defendant]:      Yes, Ma'am.

---

[3] Louisiana Code of Criminal Procedure Article 556.1(A) reads as follows:

A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.

(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.

(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

| | |
|---|---|
| [Trial Court]: | That's your rights, to have her ask those questions, you understand that? That she can ask the questions at trial? |
| [Defendant]: | Yes. |
| [Trial Court]: | You understand when you plead though, we are not going to have a trial. So she is not going to ask any questions. |
| [Defendant]: | Yes, Ma'am. |

The defendant, citing *Coy v. Iowa*, 497 U.S. 1012, 108 S.Ct. 2798 (1988), asserts that the right to confront witnesses includes two types of protections: the right to physically face persons who testify against him, and the right to conduct cross-examination. The defendant argues, in brief, that "[m]erely explaining to a defendant that his attorney has a right to question witnesses does not adequately explain the defendant's Constitutional confrontation rights."

In *State v. Mendenhall*, 06-1407 (La. 12/8/06), 944 So.2d 560, our supreme court reversed the lower court's determination that the defendant's guilty plea should be vacated for the trial court's failure to adequately advise the defendant of his right to confront his accusers. In reversing, it stated:

> A majority on the court of appeal panel found that the trial judge's statement informing defendant that the state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at a trial did not suffice as an advisement to defendant of his right to confront his accusers. However, this Court has stressed that neither *Boykin v. Alabama*, . . . nor the Court's implementation of *Boykin* . . . sets out a "magic word formula" which may "serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea. . . ." With respect to the Confrontation Clause of the Sixth Amendment, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." ("In common usage, the phrases confront and cross-examine always connote adversarial activities.") In this instance, the language used by the trial judge appears sufficiently tailored to inform a 29-year-old defendant, who was educated through the twelfth grade and employed

7

as a plant assistant manager, that he was waiving his right to confrontation, and that, because he was pleading guilty, there would be no further trial.

*Id.* at 560 (citations omitted).

Here, we find that the trial court adequately advised the defendant of his right to confront the witnesses. The colloquy between the defendant and the trial court reveals that the trial court explained, twice, that at a trial, he would have been entitled to have his attorney ask questions of all the witnesses. Further, the trial court explained to the defendant that if he pled guilty, he would not be entitled to a trial and that he would not be entitled to have his attorney ask those questions. In each instance, the trial court asked the defendant whether he understood his rights to which the defendant responded in the affirmative each time. While the trial court did not expressly use the term "confront his accusers," the language suggests that the defendant would be able to physically face and question the testifying witnesses, and thus, we find the trial court's advisement of the defendant's right to confrontation adequate. *See*, *e.g.*, *State v. Keener*, 41,246 (La.App. 2 Cir. 8/23/06), 939 So.2d 510; *State v. Ford*, 02-1394, 02-1642 (La.App. 4 Cir. 4/16/03), 846 So.2d 98, *writ denied*, 03-1401 (La. 11/26/03), 860 So.2d 1132.

For these reasons, this assignment of error is without merit.

*Assignments of Error 5 and 6.*

In his fifth assignment of error, the defendant asserts that this court "should reverse the appellant's conviction because the bill of information failed to list the

8

name of the victim as required by C.Cr.P. Article 473.[4][5]  In his sixth assignment of error, the defendant contends as follows:

> The appellate court should reverse the appellant's conviction because the appellant did not knowingly and intelligently plead guilty to the crime charged in the bill of information when the trial judge gave him a different date of offense than the one alleged in the bill of information, the bill of information alleged the use of a knife to commit the offense, but the appellant denied using a knife, and the offense required the use of a dangerous weapon but no one explained the definition of dangerous weapon to the appellant

A criminal defendant has a constitutional right to be advised of the nature and cause of the accusations against him. La.Const.1974, art. I, § 13. Louisiana Code of Criminal Procedure Article 464 provides:  "The indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

Insofar as the defendant is asserting that his bill of information was "defective and failed to sufficiently advise him of the accusations against him, Defendant waived such claim as '[a] plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea.'" *State v. Roberts*, 08-1026, pp. 2-3 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011, 1014 (footnote omitted), quoting *State v. Crosby*, 338 So.2d 584, 586 (La.1976).

---

[4]  Under La.Code Crim.P. art. 473:

> When the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known.  If the name, appellation, or nickname of the victim is not known, it is sufficient to so state and to describe him as far as possible.  In stating any name of a victim it is sufficient to state a surname, a surname and one or more given names, or a surname and one or more abbreviations or initials of a given name or names.

[5]  Here, the original bill of information charging the defendant with attempted second degree murder and second degree kidnapping named Mui Nguyen, the defendant's wife, as the victim. Pursuant to the plea agreement, the State filed amended bills of information charging the defendant with aggravated second degree battery.  However, the amended bills of information did not name Ms. Nguyen as the victim.

9

As such, the defendant's remaining claim is that his convictions should be overturned because, at his guilty plea hearing, the definition of a dangerous weapon, an element of aggravated second degree battery, was not explained to him. A dangerous weapon, defined at La.R.S. 14:2(A)(3), includes "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."

At the hearing, the trial court stated the following when informing the defendant of the nature of the charges against him in compliance with La.Code Crim.P. art. 556.1:

> Aggravated Second Degree Battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury, ok. And a battery is the use of force or violence against somebody without their consent, [y]ou understand that? If you hit me without my consent, if you use force or use a weapon against me or violence, that is a battery.

> Mr. Nguyen:

> Yes, Ma'am.

> Q. You understand that?

> A. Yes, Ma'am.

> Q. It becomes a second degree battery when you mean to hurt me pretty bad. Ok? And let me explain or let me read to you what usually means you mean to hurt somebody really bad.

> If it involves - - if you hit them so hard they are unconscious, if they are in a lot [or] extreme physical pain, obvious disfigurement. If you cut somebody with a knife, that is obvious disfigurement, or the loss of an eye, or a bod[il]y function. The loss of an arm or an ear, if you lose any - the use of anything on your body or if you lose an organ. You know what an organ is, a kidney or whatever; or if your mind is not good after the battery. That is serious bodily injury. So do you understand that?

> A. Yes, Ma'am.

10

Further, the following exchange took place when the State provided a factual basis for the guilty plea on the February 2002 count:

[State]:     [T]he evidence would show and as the photographs indicate, that Mr. Nguyen took an object, a sharp object - -

The Court:   - - in manner in which it was used to be dangerous -

[State]:     - - in a manner in which it was used it was dangerous and that he cut his wife at least on her chest causing serious bodily injury

. . . .

[The Court]:    Mr. Nguyen, you heard that?

[Defendant]:    Yes, Ma'am.

[The Court]:    That's true?

[Defendant]:    Yes, Ma'am.

[The Court]:    And that was in February of 2002, correct?

[Defendant]:    Yes, Ma'am.

The State similarly provided a factual basis for the second count, and the defendant again admitted it was true.

"The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading." *State v. Strattman*, 08-674, p. 5 (La.App. 5 Cir. 4/28/09), 13 So.3d 1129, 1132, *writ denied*, 09-1157 (La. 1/22/10), 25 So.3d 130; *see also*, *State v. Minniefield*, 43,300, p. 4 (La.App. 2 Cir. 6/4/08), 986 So.2d 227, 231. Here, after the trial court read the aggravated second degree battery statute, the defendant affirmed three times that he understood the nature of the charges against him. Further, the defendant affirmed the State's factual basis, which included

11

reference to the defendant using an "object in a manner in which it was used it was dangerous," was true. Accordingly, it cannot be said that the defendant lacked awareness of the essential nature of the offenses to which he was pleading.

For these reasons, these assignments are without merit.

*Assignment of Error 7*

In his last assignment of error, the defendant argues that his sentences are excessive. However, this assignment is moot in light of our decision to vacate the sentences due to an error patent.

## DECREE

The defendant's convictions are affirmed. For the foregoing reasons, the defendant's sentences are vacated, and the matter is remanded to the trial court for resentencing. Also, the trial court is instructed to amend the September 1, 2009 minute entry to accurately reflect that the defendant entered guilty pleas to aggravated second degree battery rather than aggravated battery.

**CONVICTIONS AFFIRMED. SENTENCES VACATED. REMANDED WITH INSTRUCTIONS.**